Michael Faillace
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 2020
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------X

SALOMON TEPI, *individually and on behalf of others similarly situated,*

               *Plaintiff,*

-against-

NIKODEMO OPERATING CORP. (d/b/a FLORIDIAN DINER), DIMITRIOS KALOIDIS, IOANIS PARAPONIARIS AND STEVE ZAHARAKIS,

               *Defendants.*

------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Salomon Tepi individually and on behalf of others similarly situated ("Plaintiff"), by and through his attorneys, Michael Faillace & Associates, P.C., alleges upon information and belief, and as against each of Defendants Nikodemo Operating Corp. ("Defendant Corporation"), Dimitrios Kaloidis, Ioanis Paraponiaris and Steve Zaharakis (collectively, "Defendants"), as follows:

## NATURE OF ACTION

1. Plaintiff is an employee of Defendants Nikodemo Operating Corp. (d/b/a "Floridian Diner"), Dimitrios Kaloidis, Ioanis Paraponiaris and Steve Zaharakis who own and operate Floridian Diner.

2. Floridian Diner is a restaurant owned by Dimitrios Kaloidis, Ioanis Paraponiaris and Steve Zaharakis, located at 2301 Flatbush Avenue, Brooklyn, New York 11234.

3. Upon information and belief, Defendants Dimitrios Kaloidis, Ioanis Paraponiaris and Steve Zaharakis, serve or served as owners, managers, principals or agents of Defendant Corporation and through this corporate entity operate or operated the restaurant as a joint or unified enterprise.

4. Plaintiff is an employee of Defendants.

5. Throughout his employment with Defendants, Plaintiff Tepi has worked as a busboy.

6. Plaintiff regularly has worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for any of the hours that he has worked over 40 each week.

7. Rather, Defendants have failed to maintain accurate records of hours worked and have failed to pay Plaintiff appropriately for any hours worked over 40.

8. Defendants' conduct has extended beyond Plaintiff to all other similarly situated employees.

9. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10. Plaintiff now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum wages and overtime wage orders pursuant to the Fair Labor

Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 137-1.7 (2006) (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

11. Plaintiff seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a)

13. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff has been employed by Defendants in this district.

## PARTIES
*Plaintiff*

14. Plaintiff Salomon Tepi ("Plaintiff Tepi") is an adult individual residing in Kings County, New York. Plaintiff Tepi has been employed by Defendants from approximately 1998 until the present date.

15. At all relevant times to this complaint, Plaintiff has been employed by Defendants as a busboy at Floridian Diner located at 2301 Flatbush Avenue, Brooklyn, New York 11234.

3

16. Plaintiff consents to being party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17. Defendants own, operate and/or control a restaurant located at 2301 Flatbush Avenue, Brooklyn, New York 11234 under the name of Floridian Diner, at all times relevant to this complaint.

18. Upon information and belief, Defendant Nikodemo Operating Corp. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 2301 Flatbush Avenue, Brooklyn, New York 11234.

19. Defendant Ioanis Paraponiaris is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

20. Defendant Ioanis Paraponiaris is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

21. Defendant Ioanis Paraponiaris possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

22. Defendant Ioanis Paraponiaris determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

23. Defendant Dimitrios Kaloidis is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

24. Defendant Dimitrios Kaloidis is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

25. Defendant Dimitrios Kaloidis possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

26. Defendant Dimitrios Kaloidis determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

27. Defendant Steve Zaharakis is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

28. Defendant Steve Zaharakis is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

29. Defendant Steve Zaharakis possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

30. Defendant Steve Zaharakis determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

*Defendants Constitute Joint Employers*

31. Defendants operate a restaurant located at 2301 Flatbush Avenue, Brooklyn, New York 11234, which, on information and belief, also serves as the central office of the business.

32. Individual Defendants Dimitrios Kaloidis, Ioanis Paraponiaris and Steve Zaharakis possess operational control over Defendant Corporation, possess an ownership interest in Defendant Corporation, and control significant functions of Defendant Corporation.

33. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

34. Each Defendant possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

35. Defendants jointly employed Plaintiff, and all similarly situated individuals, and are Plaintiff's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

36. In the alternative, Defendants constitute a single employer of Plaintiff and/or similarly situated individuals.

37. Upon information and belief, Individual Defendants Dimitrios Kaloidis, Ioanis Paraponiaris and Steve Zaharakis operate Defendant Corporation as either an alter ego of themselves, and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves by, among other things:

6

(a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

(b) defectively forming or maintaining Defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

(c) transferring assets and debts freely as between all Defendants;

(d) operating Defendant Corporation for their own benefit as the sole or majority shareholders;

(e) operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f) intermingling assets and debts of their own with Defendant Corporation;

(g) diminishing and/or transferring assets of Defendant Corporation to protect their own interests; and

(h) other actions evincing a failure to adhere to the corporate form.

38. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

39. Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

40. In each year from 2009 to the present, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

7

In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, food that was sold in the restaurant on a daily basis was produced outside of the State of New York.

*Individual Plaintiff*

41. Plaintiff is a former employee of Defendants, who has been employed as a busboy.

42. Plaintiff seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Salomon Tepi*

43. Plaintiff Tepi has been employed by Defendants from approximately 1998 until the present date.

44. Plaintiff Tepi has been employed by Defendants as a busboy.

45. Plaintiff Tepi regularly has handled goods in interstate commerce, such as food and other supplies necessary to perform his duties that were produced outside of the State of New York.

46. Plaintiff Tepi's work duties have required neither discretion nor independent judgment.

47. Throughout his employment with Defendants, Plaintiff Tepi regularly has worked in excess of 40 hours per week.

48. From approximately February 2009 until on or about February 2014 Plaintiff Tepi regularly worked from approximately 7:00 a.m. until on or about 5:00 p.m. Tuesdays,

8

Wednesdays, Thursdays, Fridays and Sundays, and from approximately 7:00 a.m. until on or about 9:00 p.m. on Saturdays (typically 64 hours per week).

49. From approximately February 2014 until the present date Plaintiff Tepi regularly has worked from approximately 7:00 a.m. until on or about 5:00 p.m. Wednesdays, Thursdays and Fridays, and from approximately 7:00 a.m. until on or about 9:00 p.m. on Saturdays and Sundays (typically 58 hours per week).

Throughout his employment with Defendants, Plaintiff Tepi has been paid his weekly wages in cash.

50. From approximately February 2009 until January 2015, Plaintiff Tepi was paid an hourly rate of $2 per hour.

51. From approximately January 2015 until the present date, Plaintiff Tepi has been paid an hourly rate of $3 per hour.

52. Plaintiff Tepi's pay has not varied even when he has been required to stay later or work a longer day than his usual schedule.

53. Defendants have granted Plaintiff Tepi a meal break of one hour and have deducted the hour from his wages.

54. Plaintiff Tepi has been required to keep track of his time by using a punch card at the beginning and end of each work day.

55. Defendants have not provided Plaintiff Tepi with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

9

56. No notification, either in the form of posted notices, or other means, has ever been given to Plaintiff Tepi regarding wages as required under the FLSA and NYLL.

57. Plaintiff Tepi has never been notified by the Defendants that his tips are being included as an offset for wages.

58. Defendants have not accounted for these tips in any daily or weekly accounting of Plaintiff Tepi's wages.

59. Defendants have not provided Plaintiff Tepi with each payment of wages a statement of wages, as required by NYLL 195(3).

60. Defendants have not given any notice to Plaintiff Tepi, in English and in Spanish (Plaintiff Tepi's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

61. Defendants have required Plaintiff Tepi to purchase "tools of the trade" with his own funds—including 3 black and red jackets each for $25. Thus, the total cost of the "tools of the trade" Plaintiff Tepi has been required to purchase is approximately $75.

62. *Defendants' General Employment Practices*

63. Defendants regularly have required Plaintiff Tepi to work in excess of forty (40) hours per week without paying him the appropriate overtime wages.

64. At all times relevant to this complaint, Defendants have maintained a policy and practice of requiring Plaintiff and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate overtime compensation, as required by federal

10

and state laws.

65. Plaintiff has been employed as a tipped employee by Defendants.

66. Defendants have paid Plaintiff at an hourly rate that is below the required tip-credited rate.

Under state law Defendants are required to pay Plaintiff at least $5.00 per hour, provided that the total of wages plus tips met or exceeded the minimum hourly wage (12 N.Y.C.R.R.§ 146).

67. In violation of federal and state law as codified above, Defendants have classified Plaintiff as a tipped employee but have paid him less than the $5.00 per hour rate as required by law.

68. Defendants' pay practices have resulted in Plaintiff's pay falling below the required minimum and overtime wage rate.

69. Plaintiff Tepi has been a victim of Defendants' common policy and practices violating his rights under the FLSA and New York Labor Law by *inter alia*, not paying him the wages he is owed for the hours he has worked.

70. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly have harmed Plaintiff by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

70. At no time have Defendants inform Plaintiff Tepi that they have reduced his hourly wage by a tip allowance.

72. Defendants also have failed to post required wage and hour posters in the diner, and have not provided Plaintiff with statutorily required wage and hour records or statements of

11

his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff's relative lack of sophistication in wage and hour laws.

73. Upon information and belief, these practices by Defendants have been done willfully to disguise the actual number of hours Plaintiff (and similarly situated individuals) worked, and to avoid paying Plaintiff properly for his full hours worked, including minimum wage, overtime, and spread of hours pay.

74. Defendants have failed to provide Plaintiff Tepi and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

75. Defendants have failed to provide Plaintiff Tepi and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal

12

place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

76. Plaintiff brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Floridian Diner (the "FLSA Class").

77. At all relevant times, Plaintiff and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage under the FLSA, and the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records required by the FLSA.

78. The claims of Plaintiff stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

79. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

80. At all times relevant to this action, Defendants were Plaintiff's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards

13

Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff (and the FLSA class members), control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for employment.

81. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

82. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

83. Defendants failed to pay Plaintiff (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

84. Defendants' failure to pay Plaintiff (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

85. Plaintiff (and the FLSA Class members) were damaged in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

86. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

87. Defendants, in violation of the FLSA, failed to pay Plaintiff (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

88. Defendants' failure to pay Plaintiff (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

14

89. Plaintiff (and the FLSA Class members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

90. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

91. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff (and the FLSA Class members), control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

92. Defendants, in violation of the NYLL, paid Plaintiff (and the FLSA Class members) less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

93. Defendants' failure to pay Plaintiff (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

94. Plaintiff (and the FLSA Class Members) were damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### VIOLATION OF THE OVERTIME PROVISIONS OF
### THE NEW YORK STATE LABOR LAWS

95. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

15

96. Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiff (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor.

97. Defendants' failure to pay Plaintiff (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

98. Plaintiff (and the FLSA Class Members) were damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
### OF THE NEW YORK COMMISSIONER OF LABOR

99. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

100. Defendants failed to pay Plaintiff (and the FLSA Class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 137-1.7 and 137-3.11.

101. Defendants' failure to pay Plaintiff (and the FLSA Class members) an additional hour's pay for each day Plaintiff's (and the FLSA Class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

102. Plaintiff (and the FLSA Class members) were damaged in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

103. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

104. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

105. Defendants are liable to each Plaintiff in the amount of $2,500, together with costs and attorneys fees.

### SEVENTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

106. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

107. Defendants did not provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL 195(3).

108. Defendants are liable to each Plaintiff in the amount of $2,500, together with costs and attorneys fees.

### EIGHTH CAUSE OF ACTION
### (RECOVERY OF EQUIPMENT COSTS)

134. Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

135. Defendants required Plaintiffs to pay, without reimbursement, the costs and

17

expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, such as bicycles, further reducing their wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

136. Plaintiffs were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court enter judgment against Defendants:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiff in the FLSA claims in this action;

(b) Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff and the FLSA class members;

(c) Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff and the FLSA class members;

(d) Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff and the FLSA class members;

(f) Awarding Plaintiff and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken

18

against wages under the FLSA as applicable;

(g) Awarding Plaintiff and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages ;

(h) Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff and the members of the FLSA Class;

(i) Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff and the members of the FLSA Class;

(j) Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff and the members of the FLSA Class;

(k) Declaring that Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiff's and the FLSA Class members' compensation, hours, wages; and any deductions or credits taken against wages;

(l) Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff and the FLSA Class members;

(m) Awarding Plaintiff and the FLSA class members damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(n) Awarding Plaintiff and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

19

(o) Awarding Plaintiff and the FLSA class members pre-judgment and post-judgment interest as applicable;

(p) Awarding Plaintiff and the FLSA class members the expenses incurred in this action, including costs and attorney's fees;

(q) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r) All such other and further relief as the Court deems just and proper.

Dated: New York, New York
February 25, 2015

                                    MICHAEL FAILLACE & ASSOCIATES, P.C.

                                    By: Michael A. Faillace
                                         60 East 42nd Street, Suite 2020
                                         New York, New York 10165
                                         (212) 317-1200  *Attorneys for Plaintiff*